SCHICHTL v. S. F. BOWSER & COMPANY.

Opinion delivered January 23, 1928.

SALES—WAIVER OF DEFECTS IN MACHINERY.—The buyer of machinery is liable for the purchase price, notwithstanding defects, where he waived the right to rely on such defects under the seller's guaranty in his letter to seller's attorney in which he made an absolute promise to pay the balance, regardless of defects of which he had previously complained.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris*, Judge; affirmed.

*John D. Shackleford*, for appellant.

*Rogers, Barber & Henry*, for appellee.

HUMPHREYS, J.    This is an appeal from a judgment for $281.13 with six per cent. interest per annum from May 20, 1926, in favor of appellee against appellant for the balance of the purchase money due on a gasoline pump, tank and other equipment, which appellee sold appellant on July 15, 1924, for $350, under a written contract containing a vendor's lien, and containing the following guaranty:    "We guarantee all our products to

be and remain free from defects in material and workmanship for the period of one year from date of shipment."

Appellant filed an answer, denying liability, on the ground that the outfit was defective in material and workmanship, and, for that reason, worthless.

The pumping outfit was used by appellant for about eight months, but it did not give entire satisfaction. There were defects in it which could not be remedied, and appellant finally quit using it and refused to make further payments on it, according to his evidence, because appellee did not fix it. According to the testimony of appellee's attorney, appellant promised to pay the deferred payments from time to time, but failed to do so.

According to the undisputed facts, the outfit was sold to appellant by appellee on a credit for $462.80, in the year 1922. Appellant used it for about six months without having paid anything except the freight. He then went into bankruptcy, and appellee intervened in the bankruptcy proceeding and recovered same. After appellant was discharged in the bankruptcy proceeding he repurchased the outfit at a reduction of $112.80 from the original price, under the written contract containing the guaranty clause heretofore referred to. On July 15, 1924, the day he repurchased the outfit, he paid $25 on the purchase price, and in September following paid $25 additional, and in October following $25 more. Appellant testified that he made payments in expectation that appellee would repair the outfit so that it could be used.

The claim for the balance of the purchase money was put in the hands of attorneys for collection. They corresponded with appellant in an effort to collect same, and on April 26, 1926, received the following letter from appellant:

"In reply to your letter, I am sorry that I can't send you the money at once. Our collections are simply rotten. The farmers have nothing to sell, therefore we get nothing, but the first or the second we will send this

to you.  That is railroad pay-day, and I think I will be able to settle this matter.''

The court instructed a verdict for appellee, and properly so, because appellant waived his right to rely upon the defects in the outfit under his guaranty by writing the letter to appellee's attorney of date April 26, 1926, in which he made an absolute promise to pay the balance of the purchase money, irrespective of any defects he had complained of prior to that time.

No error appearing, the judgment is affirmed.